■ In the Matter of DONALD C. JUNE, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— Determination unanimously annulled, with costs. Memorandum: The evidence before the hearing official shows that at about 6:15 A.M. on December 30, 1968 a police officer found petitioner asleep on the front seat of his automobile which was off the pavement on the shoulder of the highway touching a highway route sign. There was no evidence of an accident. The officer awakened petitioner, smelled alcohol on his breath and observed that he seemed confused and wobbly and that his clothes were mussed. He arrested him for driving while intoxicated and asked him to take a chemical blood test, which petitioner refused to do. Because of such refusal the Commissioner revoked petitioner's driving license. At the hearing petitioner admitted that he had had some alcoholic drinks the night before his arrest. He said that he had previously had a brain concussion and some resulting illness, was taking medication therefor and had taken some earlier that evening; and that as he drove homeward he felt ill and he drove onto the shoulder of the road and stopped his car to rest. This was at 1:30 A.M. and he remained there until aroused by the officer at 6:15 A.M. Apart from section 1193-a of the Vehicle and Traffic Law, effective September 1, 1969, and not applicable here, a prerequisite to a valid request to submit to a chemical test for alcoholic content of the blood under subdivision 1 of section 1194 of the Vehicle and Traffic Law is that there be a valid arrest (*Matter of Prud-homme* v. *Hults*, 27 A D 2d 234; *Matter of Schutt* v. *MacDuff*, 205 Misc. 43). Under section 177 of the Code of Criminal Procedure a peace officer may arrest without a warrant a person whom he reasonably believes is committing an offense in his presence. In this case, clearly petitioner was not driving the automobile in the officer's presence and the arrest could not be validly made under that section. Under section 1193 of the Vehicle and Traffic Law a police officer may arrest without a warrant a person who has violated section 1192 thereof, that is, operated a motor vehicle while intoxicated, where such violation was coupled with an accident or collision which has occurred, though not in the officer's presence (*Matter of Van Wormer* v. *Tofany*, 28 A D 2d 941; *Matter of Brown* v. *Hults*, 24 A D 2d 1068). Here, however, there is no evidence that an accident had occurred. It only appears that when petitioner brought his automobile to a stop on the shoulder of the road and lay down to sleep, it was touching a route sign. Under such circumstances, as a matter of law there was no valid arrest, and hence petitioner could not lawfully be asked to submit to a blood test. There was, therefore, no right to revoke petitioner's license for refusal to take such test. (Review of determination revoking operator's license, transferred by order of Onondaga Special Term.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.