Jack Mackston, J.
Defendant is charged with a violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law of the State of New York, in that he was operating a motor vehicle while having .18 of 1% of alcohol in his blood.
Defendant has moved, pursuant to CPL article 710, for suppression of the breathalyzer results, on constitutional grounds, contending his consent to the test was not freely given, and may not be "deemed” given pursuant to subdivision 1 of section 1194 of the Vehicle and Traffic Law, since the arresting officer lacked reasonable cause to believe defendant committed the offense charged and accordingly, the arrest was *1055 unfounded (CPL 140.10, subd 1, par [a]; CPL 70.10, subd 2), and breathalyzer test illegally given. (Matter of June v Tofany, 34 AD2d 732.)
Defendant further moves to suppress statements made by him at the time the breathalyzer test was given, on the grounds that the same were coerced and, therefore, improperly acquired.
In his answering affirmation, the Assistant District Attorney requests dismissal of the motion contending the same lacks sufficient factual basis to justify the relief sought (CPL 710.60, subd 3, par [b]).
In response, defendant argues the motion must be summarily granted without a hearing pursuant to CPL 710.60 (subd 2, par [a]) upon the theory that: (1) the People have impliedly conceded defendant’s allegations, since the attorney’s answering affirmation, not being based upon personal knowledge, fails to raise an issue of fact (Israelson v Rubin, 20 AD2d 668); and (2) the facts alleged are sufficient to support the ground advanced for the relief sought, that is, at the time of defendant’s arrest there was no reasonable cause to believe he was operating an automobile while under the influence of alcohol, and, therefore, the breathalyzer results should be suppressed as illegally obtained.
Defendant’s contention is not persuasive. The court, in this case, is not bound to summarily grant suppression without a hearing. The relevant portion of CPL 710.60 (subd 2, par [a]) states: "The court must summarily grant the motion if: (a) The motion papers comply with the requirements of subdivision one and the people concede the truth of allegations of fact therein which support the motion”. (Emphasis supplied.) Subdivision 1 provides in part: "The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or another person or persons, supporting such grounds.”
It is the court’s view that the word "concede” referred to above requires a knowing act, which may not be implied from an omission resulting from technical error.
Assuming arguendo, that the form of the answering affirmation amounted to a concession, it would only be of those facts alleged in the moving papers, in this case: that while at police headquarters defendant did not appear to his lawyer to be under the influence of alcohol.
Although conclusory in nature such opinion evidence may *1056 be considered (People v Eastwood, 14 NY 562), but is not determinative of the issue now before the court since it was defendant’s appearance at the time of his arrest, and not later at police headquarters, that is critical to deciding the question of whether there was reasonable cause to believe defendant committed the offense charged so as to justify his arrest.
There is nothing in the moving papers to indicate the time that elapsed between defendant’s arrest and his subsequent appearance at police headquarters.
Accordingly, this matter must be set down for a suppression hearing and is so scheduled for April 7, 1976, at 11:00 a.m., at the City Court, City of Long Beach, New York.