David M. Christy, Esq. Village Attorney, Lewiston
You ask whether there is any bailiwick limitation on a police officer or peace officer making an arrest without a warrant under section1193 of the Vehicle and Traffic Law. Bailiwick is a reference to geographical limitations on the exercise of powers by a police officer or a peace officer. Section 1193 provides that a police officer may:
 "without a warrant, arrest a person, in case of a violation of section eleven hundred ninety-two, if such violation is coupled with an accident or collision in which such person is involved, which in fact has been committed, though not in the police officer's presence, when he has reasonable cause to believe that the violation was committed by such person."
Generally section 1192 prohibits the operation of a motor vehicle while under the influence of alcohol or drugs and penalizes violations as either a traffic infraction (§ 1192[1]) or misdemeanor (§ 1192[5]). Section 1193 applies to a "police officer". For purposes of the Vehicle and Traffic Law, police officer means:
 "All police officers as defined in subdivision thirty-four of section 1.20 of the criminal procedure law, and every duly designated peace officer as defined in section 2.20 of such law, when such peace officer is acting pursuant to his special duties."* (Id., § 132.)
You point out that section 140.10 of the Criminal Procedure Law governs arrest without a warrant by a police officer. A police officer may arrest a person for an offense when he has reasonable cause to believe that the person has committed the offense in his presence (id., § 140.10[1][a]).* "A police officer may arrest a person for a petty offense pursuant to subdivision one, only when" the offense was committed or believed by him to have been committed within the geographical area of the officer's employment (id., § 140.10[2][a]).**
The arrest for such petty offense must be made in the county where committed or in an adjoining county, except that the police officer may follow the person in continuous close pursuit beginning in one of these counties and continuing through any county in the State (id., § 140.10[2][b]). Under section 140.10(1)(b) a police officer may arrest a person for a crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise (id., § 140.10[1][b]).*** The officer may arrest a person for a crime committed anywhere in the State and may make the arrest anywhere in the State and under certain conditions outside the State (id., § 140.10[3]).
A violation of section 1192(1) of the Vehicle and Traffic Law is a traffic infraction, which is a petty offense (Criminal Procedure Law, § 1.20[39]). A police officer who does not witness an accident involving a violation of section 1192(1) has no authority under section140.10 of the Criminal Procedure Law to arrest the person without a warrant. This is because under the section the arrest may be made only upon a reasonable belief that the offense was committed in the police officer's presence (id., § 140.10[1][a]). However, the arrest might be made under section 1193 of the Vehicle and Traffic Law (June v Tofany, 34 A.D.2d 732 [4th Dept, 1970]). If there is a violation of section 1192(5) (a misdemeanor), an officer who did not witness the accident could make an arrest under section 140.10(1)(b) of the Criminal Procedure Law or under section 1193 of the Vehicle and Traffic Law. This is because a misdemeanor is a crime. (Penal Law, § 10.00[6]), and section 140.10(1)(b) permits arrest without a warrant for a crime upon reasonable belief that the crime was committed, whether or not in the officer's presence.
While section 1193 provides broader jurisdiction than under section 140.10 for an arrest without a warrant as to a petty offense, the section is silent as to whether the violation of section 1192 must occur in the officer's geographic area of employment and as to where the arrest may take place. These are so-called "bailiwick" questions.
Section 1193 was added by chapter 775 of the Laws of 1959 and amended in 1960 (chapter 300) to establish the current version of the section. In 1970 the Code of Criminal Procedure was repealed and a new Criminal Procedure Law was enacted (L 1970, chs 996 and 997). The Criminal Code was silent as to the bailiwick question in relation to warrantless arrests (Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, § 140.10). However, with the adoption of the Criminal Procedure Law in 1970, provisions were added to answer the bailiwick questions (ibid.). The current bailiwick provisions in relation to arrests without a warrant found in section 140.10 of the Criminal Procedure Law were then added (L 1970, chs 996 and 997). The addition of these bailiwick provisions was viewed as a means of clarifying an area that was the subject of doubt and conflicting opinion (Memorandum in Support and Explanation of Proposed Criminal Procedure Law, prepared by the Commission on Revision of the Penal Law and Criminal Code, March, 1970, p 3).
In our opinion, warrantless arrests under section 1193 should be viewed as subject to the bailiwick provisions of section 140.10 of the Criminal Procedure Law. The apparent intent of the Legislature was to clarify a confused area. Since there are currently no bailiwick provisions in section 1193, the failure to apply the standards of the Criminal Procedure Law would continue the confusion as to this area of police activity. We do not believe that this was the intent of the Legislature. Thus, when a violation of section 1192 of the Vehicle and Traffic Law is a petty offense, the bailiwick provisions of section 140.10(2)(a) and (b) apply. When the violation is a misdemeanor, the provisions of section 140.10(3) apply.
Section 1193 also applies to a peace officer "acting pursuant to his special duties" (id., § 132). Under section 140.25 of the Criminal Procedure Law a peace officer, acting pursuant to his special duties may arrest a person for:
 "(a) Any offense when he has reasonable cause to believe that such person has committed such offense in his presence; and
 "(b) A crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise."
Section 1193 broadens the authority of a peace officer acting pursuant to his special duties to make an arrest without a warrant for a violation of section 1192(1) of the Vehicle and Traffic Law (a traffic infraction). Under section 140.25(1)(a) a warrantless arrest can be made only for an offense (includes traffic infraction under § 1192[1]) committed in the officer's presence, whereas under the circumstances described in section 1193 the officer may make an arrest for a traffic infraction committed under section 1192(1) when the officer has reasonable cause to believe the offense was committed, although not in his presence. The bailiwick limitations for an arrest by a peace officer under section140.25(1)(a) of the Criminal Procedure Law or under section1193 of the Vehicle and Traffic Law would be identical, since under both provisions the arrest may only be made while the officer is "acting pursuant to his special duties". Under this standard, a peace officer may exercise warrantless arrest authority only when within his geographical area of employment (id., §§ 140.25[2], 140.25[5]; see Bellacosa, Practice Commentary, McKinney's Criminal Procedure Law, §140.25).
If there is a violation of section 1192(5) (misdemeanor) a peace officer who did not witness the accident resulting in the violation could make a lawful arrest under section 1193 of the Vehicle and Traffic Law or under section 140.25(1)(b) of the Criminal Procedure Law since under both provisions the officer may make the arrest upon a reasonable cause belief that the crime was committed. The bailiwick considerations would be the same as in the above paragraph, since under both provisions the arrest would be made while the peace officer is acting pursuant to his special duties.
We conclude that warrantless arrests by police officers and peace officers under section 1193 of the Vehicle and Traffic Law are subject to the bailiwick provisions of sections 140.10
and 140.25 of the Criminal Procedure Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* Under the definitions in the Criminal Procedure Law, the terms "police officer" and "peace officer" are now mutually exclusive (see our informal opinion No. 81-49).
* "Offense" means conduct for which a sentence to a term of imprisonment or to a fine is provided (Penal Law, §10.00[1]).
** "Petty offense" means a violation or a traffic infraction (Criminal Procedure Law, § 1.20[39]).
*** "Crime" means a misdemeanor or a felony (Penal Law, §10.00[6]).